Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

# UNITED STATES DISTRICT COURT

2017 JUL 26  AM 11: 22

for the

JEFFREY P. COLWELL
CLERK

District of Colorado

BY_____DEP. CLK

Division

*See 14GS00020*
*15cv387*
*15JA208 &c*

Case No. 17 - CV - 01812

*(to be filled in by the Clerk's Office)*

---
William Robert "Billy bob" Bramscher
---

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

Jury Trial: *(check one)*  ☑ Yes  ☐ No

---
City & County of Denver &c
---

*Defendant(s)*
*(Write the full name of each defendant who is being sued.  If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.  Do not include addresses here.)*

) ) ) ) ) ) ) ) ) ) ) ) ) )

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

## (Non–Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files.  Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number.  A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | William Robert "Billy bob" Bramscher |
| Address | 9181 E. Star Hill Pt. |

| Lone Tree | CO | 80124 |
|---|---|---|
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | Douglas |
| Telephone Number | 831.713.0574 |
| E-Mail Address | bbbramscher@yahoo.com |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Michael B. Hancock |
| Job or Title *(if known)* | Mayor - Denver |
| Address | 1437 Bannock St # 350 |

| Denver | CO | 80202 |
|---|---|---|
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | Denver |
| Telephone Number | 720-865-9000 |
| E-Mail Address *(if known)* | |

☑ Individual capacity  ☑ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | John Hickenlooper |
| Job or Title *(if known)* | Governor - Colorado |
| Address | 136 State Capitol Bldg |

| Denver | CO | 80203 |
|---|---|---|
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | Denver |
| Telephone Number | (303) 866-2471 |
| E-Mail Address *(if known)* | |

☑ Individual capacity  ☑ Official capacity

Defendant No. 3

| | | |
|---|---|---|
| Name | . | Michael A. Martinez |
| Job or Title *(if known)* | | Denver District Court Chief Judge |
| Address | | 1437 Bannock St. |

| | | |
|---|---|---|
| Denver | CO | 80202 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | Denver |
| Telephone Number | 720-865-8302 |
| E-Mail Address *(if known)* | |

☒ Individual capacity  ☒ Official capacity

Defendant No. 4

| | |
|---|---|
| Name | Cynthia H. Coffman |
| Job or Title *(if known)* | Colorado Attorney General |
| Address | 1300 Broadway, 10th Floor |

| | | |
|---|---|---|
| Denver | CO | 80203 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | Denver |
| Telephone Number | 720-508-6000 |
| E-Mail Address *(if known)* | |

☒ Individual capacity  ☒ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☒ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

First Amendment, Fourth Amendment, Fifth Amendment, Six Amendment, Eight Amendment, Thireenth Amendment and Fourteenth Amendment.

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

N/A

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Coram Non Judice, Coram Nobis, First Amendment Retaliation by a Non-Employer, 42 U.S. Code § 1985, 42 U.S. Code § 1986; Political Persecution; Judicial Misconduct; Prosecutorial Misconduct; Outrageous Governmental Conduct; Colo.Const.Art. II § 3, Colo.Const.Art. II § 6, Colo.Const.Art. II § 25 and U.S.C.A. XIV.

## III.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?

City and County of Denver, Coloraod USA

B.    What date and approximate time did the events giving rise to your claim(s) occur?

2013-2016

C.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

The gravamen of this petition is the failure to provide him with appellate review of his sentence and conviction. See 14GS000200; 2015CV387; 14SA318; 15SA108; 15SA199; 15SA208. See also 14MO2032; 2015CV316; 15SA138; 15SA208; 15SA237. In both cases presented this Denver District Court without judgement on the merits of the appeals did "dismiss with prejudice" (cf. "dismiss without prejudice") both cases illegally and this Colorado Supre me Court failed to execute justice denying En Banc my constitutional legal pleas unconstitutionally.

Bramschers' convictions 14GS000200 (15CV387) and 14MO2032 (15CV316) will not stand without resolution on appeal. People v. Valdez, 1996 COA, 911 P.2d 703, 704 (Citing Griffin v. Illinois

Bramscher has unconstitutionally been denied access to the courts and the statutory right to appeal his unconstitutional conviction(s) in violation of Colo.Const.Art. II § 3, Colo.Const.Art. II § 6, Colo.Const.Art. II § 25 and U.S.C.A. XIV.

The Colorado Constitution Bill of Rights guarantee's Article II, "All persons have certain natural, essential and inalienable rights, among which may be reckoned the right of enjoying and defending their lives and liberties; of acquiring, possessing and protecting property; and of seeking and obtaining their safety and happiness."

Forced to proceed on the appeals in both cases pro se to protect innocence and advocate justice after Crim.P. 32 Sentencing and judgement the judges in each case revoked the bond demanding unconstitutional cash-only nonrefundable cost bonds for me to comply with the simplified procedures to file my appeals:

14GS000200: From $250.00 USD to $750.00 USD
14MO2032: From $1,500 USD to $10,000 USD

Mr. Bramscher proceeded as indigent or unable to afford his defense in both cases and the taxation of costs to appeal both cases is direct evidence of violations of Due Process as-well-as the Equal Protection guaranteed by the Fourteenth Amendment.

The Colorado Revised Statute ("C.R.S.") 16-18-101 (1) Costs in criminal cases reads verbatim, "The costs in criminal cases shall be paid by the state pursuant to section 13-3-104, C.R.S., when the defendant is acquitted or when the defendant is convicted and the court determines he is unable to pay them." (Emphasis added)

Interesting to note, section 13-3-104 State shall fund courts is absurd and ridiculous providing special local legislation "for county courts in the city and county of Denver" which is a flagrant violation of the Colorado Constitution and exposes this reality of a for-profit justice system privatized from the general state.

Citing The Supreme Court of the State of Colorado Hoang v People, 2014 CO 27. No. 12SC219, "In Colorado, the right to appeal a criminal conviction is guaranteed by statute. See § 16-12-101, C.R.S. (2013). Although no federal constitutional right to an appeal exists, when a state creates appellate courts as an integral part of the adjudication of guilt or innocence, appellate procedures must comport with the United States Constitution. Evitts v. Lucey, 469 U.S. 387, 393 (1985). Due process and equal protection protect a criminal defendant at trial and on direct appeal. Accordingly, an indigent appellant like Hoang is entitled to the production of a record on appeal that includes a complete trial transcript, without which meaningful review is impossible. Griffin v. Illinois, 351 U.S. 12, 19 (1956); People v. Rodriguez, 914 P.2d 230, 300 (Colo. 1996). [T]o obtain relief on a due process claim arising from an incomplete record, a defendant must always demonstrate specific prejudice resulting from the state of that record. Rodriquez, 914 P.2d at 301 (emphasis in original)." (Internal quotation marks omitted)

Please see the accompanying documents supporting claim.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

William Robert "Billy bob" Bramscher is the victim of malicious and vindictive prosecutions resulting in convictions and year in county jail. Bramscher has suffered injury in fact to include yet not be limited to loss of life, reputation aswellas physical and mental anguish mirroring slavery and torture. Bramscher has received medical treatment to combat post-tramatic stress disorder, anxiety and depression.

## V.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

Bramscher is requesting relief in the form of financial compensation from the above parties to include yet not be limited to attorney fees, pain and suffer &c. Bramscher is requesting the court notify the DMV immediately and release his driving privlidges.

Bramscher is requesting sum 3.3 million in each case for actual damages and in punitive damages 33 million in each case from the City and County of Denver not including color of state.

Bramscher requests his record of these charges be expunged and that a public apology be issued and any and all persons whos' conduct was criminal that those persons have their day in front of a judge.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        25 July 2017

Signature of Plaintiff        ~BbB~   · ✓$6 ℬ —
Printed Name of Plaintiff        William Robert "Billy bob" Bramscher

### B.    For Attorneys

Date of signing:        N/A

Signature of Attorney        N/A
Printed Name of Attorney        N/A
Bar Number        N/A
Name of Law Firm        N/A
Address        N/A

| | City | State | Zip Code |
|---|---|---|---|
| N/A | | N/A | N/A |

Telephone Number        N/A
E-mail Address        N/A

*Pro se* **BRAMSCHER** #529047 – P.O. Box 1108, Denver CO 80201

No. _____

_____

# IN THE
# SUPREME COURT OF COLORADO

IN RE: City and County of Denver

VS.

William Robert "Billy bob" Bramscher

## PETITION FOR RULE TO SHOW CAUSE C.A.R. 21
(The petitioner need not designate a specific form of writ when seeking relief under this rule.)

Denver District Court – 2015CV387 – JUDGE BUCHANAN

Denver Municipal Court – 14GS000200
JUDGES BARAJAS & FARAGHER
(Name of Court that last ruled on the merits of the cause)

*Pro se* William Robert "Billy bob" Bramscher #529047
Denver County Jail
P.O. Box 1108
Denver CO 80201

**OTHER CASE NUMBERS:** 14SA318; 15SA108; 15SA199; 15SA208

## SUPPORTING DOCUMENTS
- INMATE MOTION REQUESTING TO: FILE WIHTOUT PREPAYMENT OF FILING/SERVICE FEES PURSUANT TO §13-17.5-103, C.R.S.2016 & C.A.R. 12(b)("a party who has been permitted to proceed in an action in the trial court *in forma pauperis*, or who has been permitted to proceed there as one who is financially unable to obtain an adequate defense in a criminal case, may proceed on appeal *in forma pauperis* without further authorization * * * *").

- Order "*dismiss with prejudice*" December 10, 2015 - 15CV387

*Pro se* BRAMSCHER #529047 – P.O. Box 1108, Denver CO 80201

No. _____

_____

# IN THE
## SUPREME COURT OF COLORADO

IN RE: City and County of Denver

VS.

William Robert "Billy bob" Bramscher

## INMATE MOTION REQUESTING TO PROCEED IN FORMA PAUPERIS PURSUANT C.A.R. 12(b) and §13-17.5-103

I, William Robert "Billy bob" Bramscher, respectfully move this Court for an order to proceed without prepayment of the following fees: (1) complaint; (2) petition; (3) answer; (4) response; (5) motion to modify; (6) service fees; (7) any other possible fees imposed.

As grounds pursuant <u>C.A.R. 12</u>(b), Bramscher, a party who has been permitted to proceed in an action in the trial court *in forma pauperis* 14GS000200, and who has been permitted to proceed there as one who is financially unable to obtain an adequate defense in a criminal case, may proceed on appeal *in forma pauperis* without further authorization. *See also* 15CV387; 14SA318; 15SA108; 15SA199; 15SA208.

1.    William Robert "Billy bob" Bramscher #529047
      Denver County Jail
      10500 Smith Rd.
      Denver, CO 80239

2.    I currently have $1.57 USD held in Inmate Account. A copy of the account is attached and again, I hereby notify the Supreme Court of Colorado that the Denver County Jail does not have a certification process for this document.

I swear under penalty of perjury that all information provided is true and complete.

February 2, 2016

_____
William Robert "Billy bob" Bramscher

## Petition for Rule to SHOW CAUSE

¶ 1 Pursuant C.A.R. 21, Mr. Bramscher humbly requests that original jurisdiction of the Supreme Court of Colorado to correct a serious abuse of process by the Denver District Court. The Court must construe liberally the documents filed by Mr. Bramscher because he is not represented by an attorney. *See Haines v. Kerner,* U.S.1972, 404 U.S. 519, 520-21; *Hall v. Bellmon,* 10thCir.1991, 935 F.2d 1106, 1110.

¶ 2 The right to a direct appeal of a criminal conviction is fundamental in Colorado. *People v. Steen,* 2014 CO 9, ¶24 318 P.3d 487 (*citing Peterson v. People,* 2005 CO, 113 P.3d 706, 708). "Hence, the defendant is **entitled to a review on the merits of his appeal** in order to determine whether his conviction was lawful and just." (Emphasis added). *Bovard v. People,* 2004 CO, 99 P.3d 585, 592.

¶ 3 **A Decision by the Supreme Court to exercise original jurisdiction pursuant to C.A.R. 21 is discretionary, and denial of petition under that rule does not indicate that Court considered the merits of petitioner's argument.** *Bell v. Simpson,* 1996 CO, 918 P.2d 1123, 1124; *accord Jimenez v. Colorado Department of Corrections,* D.Colo.2015, Slip Copy, *8, 2015 WL 4113771 ("As a result, the denial of an original petition for an extraordinary writ by the Colorado Supreme Court does not indicate that the court has considered the merits of the argument."); *Ippolito v. Colorado,* D.Colo.2015, Not Reported in F.Supp.3d, *4, 2014 WL 7336900 (petition seeking the exercise of the Colorado Supreme Court's original jurisdiction is "not a substitute for appeal")(en banc); *Albright v. Raemisch,* D.Colo.2014, Not Reported in F.Supp.3d, *3, 2014 WL 5890299; *Curren v. Raemisch,* 10thCir.2014, 566 Fed.Appx. 708, 711 ("As a

result, denial of a Rule 21 petition does not stand for the proposition that the Supreme

Court has considered the merits of the petitioner's argument."); *Glasser v. Everett,*

D.Colo.2013, Not Reported in F.Supp.2d, *4, 2013 WL 3147288; *Maunz v. Zupan,*

D.Colo.2013, Not Reported in F.Supp.2d, *4, 2013 WL 2237487; *Hayes v. Falk,*

D.Colo.2013, Not Reported in F.Supp.2d, *3, 2013 WL 1787005; *People ex rel D.S.,*

2012 COA 199, 292 P.3d 1210, 1212 (*citing People in Interest of J.P.L.,* App.2009, 214

P.3d 1072, 1077; *People v. Daley,* App.2004, 97 P.3d 295, 297); *Turman v. Miller,*

D.Colo.2012, Not Reported in F.Supp.2d, *3, 2012 WL 3962819 ("Therefore, the Court

finds that Mr. Turman's due process claim was not fairly presented to the state courts and

is not exhausted."); *Daniel v. Trani,* D.Colo.2012, Not Reported in F.Supp.2d, *3, 2012

WL 1857593 ("Accordingly, filing a petition that the CSC, in its discretion, may deny is

not sufficient to exhaust state court remedies.")(*citing Allen v. Zavaras,* 10thCir.2009,

568 F.3d 1197, 1202-03); *Rosales v. Milyard,* D.Colo.2011, Not Reported in F.Supp.2d,

*6, 2011 WL 5984060 ("Accordingly, filing a petition that the CSC, in its discretion,

may deny is not sufficient to exhaust state court remedies.")(*citing Allen v. Zavaras,*

*supra*); *Pinkey v. Ortiz,* 10thCir.2007, 213 Fed.Appx. 678, 2007 WL 96552.

### I. Background

¶ 4 On the 10th day of December, 2015, JUDGE BUCHANAN did illegally *dismiss*

direct appeal 15CV387 *with prejudice* in accordance with the CSC Order 15SA199.

### II. General Principles & Standards of Review

¶ 5 Our fourteenth Amendment to the United States Constitution provides that no state

shall "deprive any person of life, liberty or property without due process of law, nor

deny to any person within its jurisdiction the equal protection of laws." U.S. Const.

amend. XIV, § 1. The Due Process Clause of <u>article II, section 25, of the Colorado Constitution</u> guarantees the right of equal protection to the citizens of Colorado. *See, e.g.,* <u>*Heninger v. Charnes,* 1980 CO, 200 Colo. 194, 197 n. 3, 613 P.2d 884, 886 n. 3</u>. In interpreting the equal protection guarantee under the Colorado Constitution, we have followed the analytical mode developed by the United States Supreme Court in construing the Equal Protection Clause of the fourteenth amendment. <u>*Tassian v. People,* 1987 CO, 731 P.2d 672, 674</u>. The Equal Protection Clause guarantees that all persons who are similarly situated will receive like treatment by the law. *See* <u>*J.T. v. O'Rourke,* 1982 CO, 651 P.2d 407, 413</u>.

¶ 6 JUSTICE MARTINEZ delivered the Opinion of the Court in <u>*Peterson v. People,* 2005 CO, 113 P.3d 706, 708</u>:

> This Court retains plenary authority to promulgate and interpret the rules of criminal procedure. <u>Colo. Const. art. VI, § 21</u>; <u>*Borer v. Lewis,* 91 P.3d 375, 380 (Colo.2004)</u>. The rules of criminal procedure are intended to provide for the just determination of criminal proceedings and shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay. <u>Crim. P. 2</u>. We read the rules together and adopt a construction consistent with their overall purpose. <u>*Patterson v. Cronin,* 650 P.2d 531, 534 (Colo.1982)</u>; <u>*Rowe v. Watered Down Farms,* 195 Colo. 152, 154, 576 P.2d 172, 173 (1978)</u>. We are also mindful that in Colorado, the right to direct appeal of a criminal conviction is fundamental. *See* <u>§ 16–12–101, C.R.S. (2004)</u> ( "Every person convicted of an offense under the statutes of this state has the right of appeal to review the proceedings resulting in conviction."); <u>*People v. Baker,* 104 P.3d 893, 895 (Colo.2005)</u>. Therefore, we construe the rules liberally and disfavor interpretations that work a forfeiture of that right. <u>*Wigton v. Wigton,* 69 Colo. 19, 22, 169 P. 133, 134 (1917)</u>.

### III. Analysis

¶ 7 Bramscher was denied the right to appeal his criminal conviction. A discriminatory denial of statutory right of appeal to one convicted of an offense in state court was is

violation of Equal Protection Clause of the Fourteenth Amendment. U.S.C.Amend. 14.

*Dowd v. U.S. ex rel. Cook,* U.S.1951, 340 U.S. 206, 71 S.Ct. 262 (*citing Cochran v.*

*State of Kansas,* U.S.1942, 316 U.S. 255, 62 S.Ct. 1068).

### A. The State's Appellate Process Must Comport with Due Process

¶ 8 Mr. Chief JUSTICE BURGER and Mr. JUSTICE BLACKMUN filed concurring

opinions in the Supreme Court of the United States in *Mayer v. City of Chicago,*

U.S.1971, 404 U.S. 189, 193,  92 S.Ct. 410, 414 affirming, "For 'it is now fundamental

that, once established * * * avenues (of appellate review) must be kept free of

unreasoned distinctions that can only impede open and equal access to the courts.'

*Rinaldi v. Yeager,* 384 U.S. 305, 310, 86 S.Ct. 1497, 1500, 16 L.Ed.2d 577 (1966)." *See*

*also Evitts v. Lucey,* U.S.1985, 469 U.S. 387, 105 S.Ct. 830 (When state opts to act in

field where its action has significant discretionary elements, it must nonetheless act in

accord with dictates of Constitution and, in particular, in accord with Due Process

Clause. U.S.C.Amend. 14).

¶ 9 Citing *Evits v. Lucey* at 469 U.S. 400-401, 105 S.Ct. 830, 838-39 JUSTICE

BERNNAN delivering the opinion of the Supreme Court of the United States:

> The right to appeal would be unique among state actions if it could be
> withdrawn without consideration of applicable due process norms. For
> instance, although a State may choose whether it will institute any given
> welfare program, it must operate whatever programs it does establish subject
> to the protections of the Due Process Clause. *See Goldberg v. Kelly,* 397 U.S.
> 254, 262, 90 S.Ct. 1011, 1017, 25 L.Ed.2d 287 (1970) * * * * In short, when
> a State opts to act in a field where its action has significant discretionary
> elements, it must nonetheless act in accord with the dictates of the
> Constitution-and, in particular, in accord with the Due Process Clause.

¶ 10 "Within the judicial system, the right to appeal a criminal conviction is a

fundamental and indispensable mechanism to protect a defendant's rights and correct reversible trial court error." *People v. Johnson,* 2015 CO 70, ¶17, 363 P.3d 169 (*citing Wend v. People,* 2010 CO, 235 P.3d 1089, 1094); *see also* §16-12-101 *Review of proceedings resulting in conviction* ("**Every person convicted of an offense under the statutes of this state has the right of appeal to review the proceedings resulting in conviction * * * ***")(emphasis added); *People v. Steen,* 2014 CO 9, ¶24, 318 P.3d 487 ("The right to a direct appeal of a criminal conviction is fundamental in our state.") (*citing Peterson, supra*); *People v. Daly,* App.2011, 313 P.3d 571 (Defendant had a statutory right to appeal conviction); *see also United States v. Ramos,* 10thCir.2012, 695 F.3d 1035, 1046 (To have Art. III *Jurisdiciton of Courts* standing, "one must be aggrieved by the order from which appeal is taken.").

¶ 11 Quoting JUSTICE HOOD dissenting in The *People v. Nelson,* 2015 CO 68, ¶ 7, 362 P.3d 1070 Supreme Court of Colorado on December 21, 2015 authored:

> Though the Supreme Court has said the federal Constitution guarantees no right to an appeal, *see McKane v. Durston,* 153 U.S. 684, 687, 14 S.Ct. 913, 38 L.Ed. 867 (1894), when the legislature creates one, as Colorado has done, *see* § 16–12–101, C.R.S. (2015), a criminal defendant is entitled to due process throughout the appeal. *Hoang v. People,* 2014 CO 27, ¶ 39, 323 P.3d 780, 788; *see also, e.g., Evitts v. Lucey,* 469 U.S. 387, 396, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).

¶ 12 The right to direct appeal requires a full review on the merits by an appellate tribunal. *Bovard v. People,* 2004 CO, 99 P.3d 585, 593 (*citing Bill Dreiling Motor Co. v. Court of Appeals,* 1970 CO, 171 Colo. 448, 468 P.2d 37); *Evits v. Lucey* at 469 U.S. 403, 105 S.Ct. 830, 840-31 ("* * * right to a decision on the merits of their appeal * * * prerequisites of a fair adjudication on the merits.").

**B. Article III Standing**

¶ 13 The standing <u>U.S.C.Art. III § Section 2, Clause 1</u> *Jurisdiction of Courts* must be met by persons seeking appellate review presenting case or controversy, aggrieved by the Order (*e.g.* 14GS000200 & 14MO2032) from which appeal is taken. Citing Circuit JUDGE HOLMES in The *United States v. Ramos* at 695 F.3d 1035:

> The requirements of <u>Article III</u> standing are well-settled. In brief, there must be a showing of "[an] injury in fact, traceability, and redressability." *Coll v. First Am. Title Ins. Co.,* 642 F.3d 876, 892 (10th Cir.2011) (quoting *S. Utah Wilderness Alliance v. Office of Surface Mining Reclamation and Enforcement,* 620 F.3d 1227, 1233 (10th Cir.2010)) (internal quotation marks omitted); *see also* <u>*Turner v. McGee,* 681 F.3d 1215, 1218 (10th Cir.2012)</u> ("To establish <u>Article III</u> standing, a plaintiff must demonstrate that he has satisfied each of three 'irreducible constitutional' elements. Specifically, the plaintiff must show that: (1) he has suffered an 'injury in fact'; (2) the injury is 'fairly traceable' to the complained-of conduct; and (3) it is 'likely as opposed to merely speculative that the injury will be redressed by a favorable decision.' " (citation omitted) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992))).

**C. Statutory Right to Appeal**

¶ 14 The right to an appeal from the final judgment of a municipal (14GS000G00) or county (14MO2032) court is governed entirely by statute. *See* <u>*Callahan v. Jennings,* 1891 CO,. 16 Colo. 471, 476, 27 P. 1055, 1056</u>; *see also* <u>section 16-12-101, C.R.S.2015</u>, *supra*. The defendant's statutory right of appeal from county to district court dates back to late statehood. *See* <u>§575</u>(5), G.L. (1877). The current version of the statute was adopted by the general assembly in 1964. Ch. 45, sec. 36, <u>§56–2–18</u>, 1964 Colo. Sess. Laws, 418, 421 (currently codified as amended at <u>§13–6–310, C.R.S.2016</u>). The statute offers the defendant who files notice of appeal from final judgment of the municipal court of record or county court a right of appeal to the district court of that county. *Id.* The plain language of the statute suggests that it is concerned with the district court's

appellate jurisdiction exercised by review of the county court record. The statute equates "appeal," with a review "based upon the record made in the county court." *See* §13–6–310(1); *see also* §13–6–310(2)( "The district court shall review the case on the record on appeal * * * *"); *see e.g. People v. Gonazles*, 1979 CO, 198 Colo. 546, 603 P.2d 139.

¶ 15 Further, the statutory remedies available to the district court upon appellate review (*e.g.* 15CV316 & 15CV387) contemplate that the district court's appellate jurisdiction arises out of the municipal or county courts' record. Under the statute,

> [t]he court **shall review** the case on the record **on appeal** and **affirm, reverse, remand,** or **modify** the judgment; except that the district court in its discretion, may remand the case for a new trial with such instructions as it may deem necessary, or it may direct that the case be retried *de novo* before the district court. (Emphasis added).

The statutory language affords the district court three threshold alternatives on appeal: (1) it may review the case on the record; (2) if the record is insufficient, it may remand the case for a new trial with instructions to the county court; or (3) it may direct that the case be tried *de novo* before it. *See generally Bovard* at 589 on (*on remand* 2005 WL 613703)(*citing People v. Williams*, 1970 CO, 172 Colo. 434, 437-38, 473 P.2d 982, 983).

¶ 16 This case stands at the confluence of the legislature's choice to provide appellate review of convictions and the unconstitutional denial of criminal appeals from convictions in the municipal court (15CV387) and county court (15CV316) of Denver, Colorado. Due process and equal protection protect a criminal defendant at trial and on direct appeal, *Hoang* at ¶39, and a state that does grant appellate review can not do so in a way that discriminates against some convicted defendants. *See generally Griffin v. Illinois*, U.S.1956, 351 U.S. 12, 76 S.Ct. 585 (listing cases).

### D. Costs on Appeal

¶ 17 Citing *Johnson* at ¶17 December 21, 2015:

> To prevent infringement of a defendant's right to appeal, the United States Supreme Court has consistently held that "[a] defendant's exercise of a right of appeal **must be free and unfettered**" and that courts may not "**put a price on an appeal**." *North Carolina v. Pearce*, 395 U.S. 711, 724, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) (quoting *Worcester v. Comm'r of Internal Revenue*, 370 F.2d 713, 718 (1st Cir.1966)) (internal quotation marks omitted), *overruled in part by Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). (Emphasis added).

*See also Douglas v. People of State of Cal*, U.S.1963, 372 U.S. 353, 355, 83 S.Ct. 814, 815 (State may not grant appellate review in such a way as to discriminate against some convicted defendants on account of their poverty); *Griffin v. Illinois* at 351 U.S. 18, 76 S.Ct. 590 ("Consequently at all stages of the proceedings the Due Process and Equal Protection Clauses protect persons like petitioners from invidious discriminations."); *accord Cole v. State of Ark.*, 333 U.S. 196, 201, 68 S.Ct. 514, 517; *Dowd* at 340 U.S. 208, 71 S. Ct. 263; *Cochran* at 316 U.S. 257, 62 S.Ct. 1069; *Frank v. Magnum*, U.S.1915, 237 U.S. 309, 327, 35 S.Ct. 582, 587 (listing cases).

¶ 18 All of the States now provide some method of appeal from criminal convictions, recognizing the importance of appellate review to a correct adjudication of guilt or innocence. Statistics show that a substantial proportion of criminal convictions are reversed by state appellate courts. Thus to deny adequate review to the poor means that many of them may lose their life, liberty or property because of unjust convictions which appellate courts would set aside. *Griffin v. Illinois* at 351 U.S. 18-19, 76 S.Ct. 590. The denial of adequate appellate review to the poor while granting such review to

others is violative of due process and equal protection. *Nikander v. District Court In and For First Judicial Dist.,* 1986 CO, 711 P.2d 1260, 1262 (*citing Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585); *See also In re Patterson,* 1957 CO, 136 Colo. 401, 317 P.2d 1041 (Gives a defendant in all criminal cases not capital the absolute right to a writ of error).

## IV. Arguments

¶ 19 On December 10, 2015, Denver District JUDGE BUCHANAN did ORDER "This Court dismisses this action with prejudice in accordance with the Supreme Court Order dated December 3, 2015 wherein it states that 'all pending Petitions, Notice of Appeal – briefs and Motions shall be, and the same hereby are, DENIED.' "

¶ 20 Bramscher has been unconstitutionally DENIED his right of appellate review of the conviction of the municipal court of Denver 14GS000200. The criminal justice system is intended to ensure "that guilt shall not escape or innocence suffer." *Berger v. United States,* U.S.1935, 295 U.S. 78, 88, 55 S.Ct. 629, 633. Within that system, postconviction proceedings have a dual purpose: to prevent constitutional injustice and to bring finality to judgment. *See People v. Hampton,* 1974 CO, 187 Colo. 131, 133, 528 P.2d 1311, 1312. *Cf. Desmond v. United States,* 1stCir.1964, 333 F.2d 378.

¶ 21 Citing *Haines v. People,* 1969 CO, 169 Colo. 136, 140, 454 P.2d 595, 596-97, JUSTICE HODGES delivers the Opinion as extremely pertinent to this cause:      ⋅

> **The gravamen of defendant's complaint is the failure to provide him with an appellate review of his sentence of conviction.** Defendant correctly assumes that the constitutional guaranties of due process and equal protection assure him the right to appellate review without Invidious discrimination on account of his indigency. **His right to appeal from his conviction is the same as that of a person with financial means.** Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891; Anders v. California, 386

U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, Rehearing denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377. (Emphasis added).

### A. Merits of Petition

¶ 22 A decision by the supreme court to exercise its original jurisdiction is discretionary and is not a substitute for an appeal. Denial of a C.A.R. 21 petition does not indicate that the supreme court considered the merits of the petition. *People v. Daley*, 2004 COA, 97 P.3d 295, 297 (*citing Bell v. Simpson*, 1996 CO, 918 P.2d 1123); *accord People ex rel. D.S.*, 2012 COA 199, ¶8, 292 P.3d 1210 ("An order of the supreme court declining to exercise its original jurisdiction under C.A.R. 21 **is not a review on the merits of the claims presented and is not a substitute for an appeal.**")(emphasis added); *People ex rel. J.P.L.*, 2009 COA, 214 P.3d 1072, 1075; *see also Jimenez v. Colorado Department of Corrections*, D.Colo.2015, *8, Slip Copy, 2015 WL 4113771; *Parkhurst v. Shillinger*, 10thCir.1997, 128 F.3d 1366, 1369 (petition for discretionary state supreme court review did not constitute fair presentation); *Castille v. Peoples*, 1989 CO, 489 U.S. 346, 351 (same); *accord Esquibel v. Williamson*, 10thCir.2010, No. 101357, 421 Fed.Appx. 813, 815 (unpublished)(concluding that a petition for writs of prohibition and mandamus filed with the Colorado Supreme Court pursuant to C.A.R. 21 was not the equivalent of a direct appeal and thus did not satisfy the exhaustion requirement).

¶ 23 A matter is "fully and finally litigated" when the highest court of the state to which a defendant can appeal as of right **has ruled on the merits of the question.** *People ex rel. J.P.L.*, *supra* (*citing People v. Rodriguez*, 1996 CO, 914 P.2d 230, 249)(ABA Standards § 22–6.1(a) at 22–62).

## B. Dismissed with Prejudice

¶ 24 The district judge, *supra* ¶2, did *dismiss with prejudice* the appeal as of right in violation of this Petitioners' procedural & substantive constitutional rights. A *dismissal with prejudice* (1898) is, "A dismissal, usu. **after an adjudication on the merits,** barring the plaintiff from prosecuting any later lawsuit on the same claim." (Emphasis added). Black's Law Dictionary (10th ed. 2014). *See* <u>C.R.C.P. 41</u> *DISMISSAL OF ACTIONS* (a)(2) & (b)(2). *Cf.* <u>C.R.C.P. Rule 121</u> *LOCAL RULES--STATEWIDE PRACTICE STANDARDS* **Section 1-10** *DISMISSAL FOR FAILURE TO PROSECUTE* (5) "Any dismissal under this rule shall be without prejudice unless otherwise specified by the court." *See also* Committee Comment <u>C.R.C.P. 121</u>, *supra*:

> The purpose of this Practice Standard is to encourage prosecution of pending cases and permit machinery to dispose of matters which are not being prosecuted. Dismissal is without prejudice, and there are sufficient safeguards incorporated into the Practice Standard to permit retention on the docket if cause for the delay and interest in the case is shown.

¶ 25 The dismissal with prejudice by the district court was premature qualifying as abuse of discretion and abuse of process. *Cf.* <u>18 U.S.C. §3162</u> *Sanctions*. The court failed to indicate a permissible foundation for its conclusion sufficient to warrant *dismissal with prejudice*. Furthermore, the district court was acting in its appellate capacity **void** of trial delays. *Dismissal with prejudice* is a drastic sanction to be applied only in extreme situations. <u>*Nelson v. Blacker,* App.1985, 701 P.2d 135</u> (Pretrial Procedure). Words "with prejudice," within Order dismissing case with prejudice are a nullity and shall not bar a subsequent action asserting same claim for relief as set forth in the appeal. *See e.g.* <u>*Morehart v. National Tea Co.,* App.1971, 485 P.2d 907, 29 Colo.App. 465</u>.

## C. Costs on Appeal

¶ 26 Bramscher proceeded indigent pursuant §18-1-403 *Legal assistance and supporting services* and pursuant *Costs in criminal cases* §16-18-101(1) "The costs in criminal cases shall be paid by the state pursuant to section 13-3-104, C.R.S., when the defendant is acquitted or when the defendant is convicted and the court determines he is unable to pay them." *See People v. McCabe,* App.1975, 546 P.2d 1289, 37 Colo.App. 181 (Refers to all costs that are incurred by the *People* in prosecution of a criminal case).

¶ 27 Bramscher, however, at Crim.P. 32 sentencing, was demanding to pay by the trial court cost bond of $750.00 cash-only nonrefundable to purse his appeal as right (*writ of error*) in violation of  Colo.Const.Art. II § 3, Colo.Const.Art. II § 6, Colo.Const.Art. II § 25, and U.S.C.Amend. XIV. *See supra* ¶¶7-12, ¶¶17-18.

¶ 28 Furthermore, District Court Chief JUDGE Michael A. MARTINEZ on July 27, 2015, did Order pursuant §13-16-103 that if Bramscher, "Plaintiff prevails in this action [appeal as right; §16-12-101, C.R.S.2015 *Review of proceedings resulting in conviction*], **there shall be a judgement entered in his favor for the amount of court costs** which he would have incurred * * * *" *See* 2015SA208. Taxing indigent Bramscher with appeal costs unconstitutionally impeded his right to appeal the conviction in violation of Colo.Const.Art. II § 3, Colo.Const.Art. II § 6, Colo.Const.Art. II § 25, and U.S.C.Amend. XIV. *See supra* ¶¶7-12, ¶¶17-18. *See also Murphy v. People,* 1876 CO, 3 Colo. 147 (The costs in a criminal case cannot be made the subject of stipulation between the convict and the court or prosecuting attorney). *Cf. Bell v. Simpson* at 1126-27; *Almarez v. Carpenter,* 1970 CO, 477 P.2d 792, 173 Colo. 284.

### D. Access to Courts

¶ 29 Bramscher has unconstitutionally been denied access to the courts and the statutory right to appeal his conviction in violation of Colo.Const.Art. II § 3, Colo.Const.Art. II § 6, Colo.Const.Art. II § 25, and U.S.C.Amend. XIV. *See supra* ¶¶13, 14-16.

### V. Conclusion

¶ 30 Bramschers' convictions 14GS000200 (15CV387) & 14MO2032 (15CV316) **will not stand without resolution on appeal.** *People v. Valdez,* 1996 COA, 911 P.2d 703, 704 (*citing* Griffin v. Illinois at 351 U.S. 12, 76 S.Ct. 585; *United States v. Moehlenkamp,* 7thCir.1977, 557 F.2d 126)(The interests of justice ordinarily require that he **not stand convicted** without resolution of the merits of his appeal)(emphasis added).

¶ 31 Bramscher has been deprived of life, liberty and property without Due Process of law and without the Equal Protection of laws. Bramscher has been denied simplicity of procedure and denied fairness in administration with unjustifiable expense and delay.

¶ 32 Within *our* judicial system the right to appeal a criminal conviction is guaranteed yet unconstitutionally denied to William Robert "Billy bob" Bramscher. Having fully served his sentence and denied the *stay of execution* requested, see *People v. Steen,* 2014 CO 9, 318 P.3d 487, thus imposed the specter of a useless appeal.

¶ 33 *Our* own constitutional guarantees of due process and equal protection both call for procedures which allow no invidious discriminations between persons and different groups of persons. Both equal protection and due process emphasize the central aim of *our* entire judicial system--all people charged with crime must, so far as the law is concerned, stand on an equality before the bar of justice in every American court. *Amen.*

*Pro se* BRAMSCHER #529047 – P.O. Box 1108, Denver CO 80201

No. _____

_____

## IN THE
## SUPREME COURT OF COLORADO

IN RE: City and County of Denver

VS.

William Robert "Billy bob" Bramscher

### PROOF OF SERVICE

I, William Robert "Billy bob" Bramscher, do swear or declare that on this date, the 2nd of February, 2016, as required by RULE I have served the enclosed *PETITION FOR RULE TO SHOW CAUSE* on each party to the above proceeding or that party's counsel, and on every other person required to be served, by depositing the envelope with the Denver County Sheriff at the Denver County Jail, Colorado, containing the above documents to be served in the United States mail properly addressed to each of them and with first-class postage prepaid, or by delivery to a third-party commercial carrier for delivery within three (3) calender days.

The names and addresses of those served are as follows:

- Denver District Attorney Mitch Morrissey
  201 W. Colfax Ave., #801
  Denver CO 80202

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February, 2, 2016

_____
William Robert "Billy bob" Bramscher

**1 | P a g e** C.R.S. 24-10-109

Notice of Claim C.R.S. 24-10-109 Denver City and County, Colorado
<u>1 Reply</u>



"Honesty is the first chapter in the book of wisdom."

~<u>Thomas Jefferson</u>, 3rd President of the United States of America, EARTH

"If you tell the truth, you don't have to remember anything."

~<u>Mark Twain</u>

STORYLINE:  In sum hours I am scheduled for a trial by jury in Denver City and County Court on unconstitutional charges dismissed according to rule, law and statute 363 days ago on 02.11.15.

I composed an email to broadcast regarding this patriotic cause electronically delivered to:

1) 9 News

2) CBS 4 Denver

3) The Denver Channel

4) KDVR

5) The Denver Post

6) The Colorado Senate Judiciary Committee

7) The Colorado Senate Local Government Committee

8) Mental Illness in the Criminal Justice System

9) House Judiciary

10)  Legislative Council

***and tomorrow personal delivery before trial***

1) The Colorado Supreme Court

2) Attorney Regulation Counsel – Colo. Supreme Court

3) Cynthia Coffman Attorney General Colorado Department of Law

4) Mayor Michael B. Hancock

5) Denver Board of Ethics

6) Denver City and County Court, 3H

**EMAIL:**

I am William Robert "Billy bob" Bramscher Volunteer Lobbyist, Advocate for the Colorado Cross

Disability Coalition, Lifetime Member of Psi Chi The International Honor Society in Psychology,

Gonzo journalist, Activist, Outlaw Unfrozen Caveman Lawyer and I AM recognized by the Federal

Government as disABLED.  Please help ME help Colorado!!!

The following email is humbly delivered with Faith, Hope and Charity to the following parties:

### 2014SA318 Notice of Claim C.R.S. §24-10-109 BRAMSCHER, William R.

Today, February 9th, 2015 I am scheduled for a jury trial in Denver City and County court 3H in a case that was dismissed according to rule, law and statute 366 days ago, 02/11/14. I am the victim of a bad-faith investigation, malicious prosecution, vindictive prosecution, judicial misconduct and conspiracy.

The accused, William Robert "Billy bob" Bramscher has been denied the constitutional right to SPEEDY TRIAL and "If the constitution, that statutes, the rules or case law require dismissal, it is the duty of the trial court to order that the case be dismissed." (*See Coca v. District Court*, 187 Colo. 280, 530 P.2d 958 (1975)) and "No person shall be deprived of life, liberty or property, without due process of law" from the Constitution of the State of Colorado, Article II, Bill of Rights.

Please find to follow a link to a WordPress Blog that details this alarming and urgent issue with truth and accuracy. I personally invite each of you to attend this trial and experience this truth. If you have any questions or comments please feel free to contact me. Contact information is below this link:

https://lonesomelozer.wordpress.com/2015/02/09/notice-of-claim-c-r-s-24-10-109-denver-city-and-county-colorado/

A special #Aloha to Kevin Lundberg and family...

Your compassion and action are wholeheartedly appreciated and expected...

~Billy bob Bramscher

~BbB~

---

**William Robert "Billy bob" Bramscher**

**v.**

**The City and County of Denver, et seq.**

**Municipal Case Number:** 14GS000200

**District Court Case Number:** 2014CV030627

**Colorado Supreme Court Case Number:** 2014SA318

**4 |** P a g e  C.R.S. 24-10-109

*~right to petition the government for a redress of grievances~*

**William Robert "Billy bob" Bramscher, Pro se**

*PUBLIC EMPLOYEE(S)*

(to include yet not be limited to)

Denver Police Detective D. Diaz Deleon #P04405

1311 West 46th Avenue Denver, CO

City Attorney Vincent A. DiCroce, No. 23157

1437 Bannock Street #353, Denver, CO 80202

City Attorney Megan A. Jones, No. 40197

1437 Bannock Street #353, Denver, CO 80202

Unknown Current City Attorney(s)

1437 Bannock Street #353, Denver, CO 80202

Judge Johnny C. Barajas City and County of Denver

520 West Colfax Avenue, Denver, CO

Judge B. Faragher City and County of Denver

520 West Colfax Avenue, Denver, CO

_____

*~legend~*

**CONSISE STATEMENT**

*Statement of Facts*

*Statement of Case*

Information

<u>Speedy Trial</u>

*Standard of Review*

**ARGUMENT**

*Bad-faith investigation*

*Vindictive prosecution & Malicious prosecution*

*Judicial misconduct*

**CONCLUSION**

*Information*

*Speedy Trial*

*Monetary Damages Requested*

**TABLE OF AUTHORITIES**

**Cases**

<u>*People v. Williams*, 961 P2d 533 (Colo. App. 1997)</u>

*People v. Garner*, 187 Colo. 294, 530 P.2d 946 (1975)

<u>*Edwards v. People*, 176 Colo. 478, 491 P.2d 566 (1971)</u>

*People v. Ingersoll*, 181 Colo. 1, 506 P.2d 364 (1973)

<u>*People v. Flanders*, 183 Colo. 268, 516 P.2d 418 (1973)</u>

*People v. Gnout*, 183 Colo. 366, 517 P.2d 394 (1973)

<u>*People v. Moore*, 200 Colo. 481, 615 P.2d 726 (1980)</u>

*Tracy v. People*, 65 Colo. 226, 176 P. 280 (1918)

*Sarno v. People*, 74 Colo. 528, 223 P. 41 (1924)

<u>*Albert v. People*, 90 Colo. 219, 7 P.2d 822 (1932)</u>

6 | P a g e  C.R.S. 24-10-109

*Johnson v. People*, 110 Colo. 283, 133 P.2d 789 (1943)

*Wright v. People*, 116 Colo. 306, 181 F.2d 447 (1947)

*Ciccarelli v. People*, 147 Colo. 413, 364 P.2d 368 (1961)

*Loggins v. People*, 178 Colo. 439, 498 P.2d 1146 (1972)

*Olguin v. People*, 179 Colo. 26, 497 P.2d 1254 (1972)

*People v. Warner*, 112 Colo. 565, 151 P.2d 975 (1944)

*People v. Palmer*, 87 P.3d 137 (Colo. App. 2003)

*Potter v. District Court*, 186 Colo. 1, 525 P.2d 429 *1295 (1974)

*People v. O'Neill*, 185 Colo. 202, 523 P. 2d 123 (1974)

*Casias v. People, 160 Colo. 152, 415 P.2d 344, cert. denied, 385 U.S. 979, 87 S.Ct. 523, 17 L.Ed.2d 441 (1966)*

*Jordan v. People,* 155 Colo. 224, 393 P.2d 745 (1964)

*People v. Saiz, 923 P2d 197 (11/24/95)*

*Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967)*

*Hustler Magazine & Larry C. Flynt v. Jerry Falwell, 485 US 46, 99 L Ed 2d 41, 108 S Ct 876 [no 86-1278] 02/24/88*

*United States v. Cruikshank, 2 Otto 542, 552, 92 U.S. 542, 552, 23 L.Ed. 588 (1875)*

*McDonald v. Smith, 472 U.S. 479, 105 S. Ct. 2787, 86 L.Ed.2d 384 (1985)*

*McDonald,* ___ U.S. at ___, 105 S.Ct. at 2788

*Thomas v. Collins, 323 U.S. 516, 530, 65 S.Ct. 315, 322-23, 89 L.Ed. 430 (1945)*

*Cruz v. Beto, 405 U.S. 319, 321, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972)*

*Edwards v. South Carolina, 372 U.S. 229, 235, 83 S.Ct. 680, 683, 9 L.Ed.2d 697 (1963)*

7 | P a g e  C.R.S. 24-10-109

*NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 907-11, 102 S.Ct. 3409, 3422-25, 73 L.Ed.2d 1215 (1982)

*California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508, 510, 92 S.Ct. 609, 611-12, 30 L.Ed.2d 642 (1972)*

*Barham v. Scalia*, 928 P.2d 1381 (Colo. App. 1996)

*Mesa County Valley Sch. Dist. No. 51 v. Kelsey*, 8 P.3d 1200 (Colo. 2000)

*Gallagher v. Univ. of N. Colo.*, 18 P.3d 837 (Colo. App. 2000), rev'd on other grounds, 54 P.3d 386 (Colo. 2002)

*Awad v. Breeze*, 129 P.3d 1039 (Colo. App. 2005)

*Antonopoulos v. Town of Telluride*, 187 Colo. 392, 532 P.2d 346 (1975)

*Jefferson County Health Svcs. Ass'n v. Feeney*, 974 P.2d 1001 (Colo. 1998)

*Hamling v. United States, 418 U.S. 87, 117 (1974)*

*People v. Tucker, 631 P.2d 162, 164 (Colo. 1981)*

*People v. Donachy, 196 Colo. 289, 292-93, 586 P.2d 14, 16-17 (1978)*

*People v. Broncucia*, 189 Colo. 334, 336-37, 540 P.2d 1101, 1103 (1975)

*People v. Fueston I*, 717 P.2d at 982-82 (Colo. App. 1985)

*People v. Westendorf*, 37Colo. App. 111, 112-03, 542 P.2d 1300, 1301 (1975)

*People v. Arledge*, 938 P.2d 160, 165 (Colo. 1997)

*People v. Scales,* 763 P.2d 1045, 1048 (Colo. 1988)

*People  ex rel. Gallagher v. District Court*, 933 P.2d 583, 592 (Colo. 1997)

*Barker v. Wingo, 407 U.S. 514*, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1971)

*People v. Spencer,* 182 Colo. 189, 512 P.2d 260 (1973)

*People v. Allen*, 167 Colo. 158, 446 P.2d 223 (1968)

8 | P a g e  C.R.S. 24-10-109

*People v. Bowen*, 658 P.2d 269, 270 (Colo. 1983)

*People v. Hunter*, 666 P.2d 570, 573 (Colo. 1983)

*People v. Moreno*, 176 Colo. 488, 496, 491 P.2d 575, 580 (1971)

*Gallegos v. People*, 166 Colo. 409, 413, 444 F.2d 267, 269 (1968)

*United States v. Carll*, 105 U.S. 611, 612 (188[1])

*People v. Small*, 631 P.2d 148 (Colo.) cert. denied, 454 U.S. 1101, 102 S.Ct. 678, 70 L.Ed.2d 644 (1981)

People ex rel. *Coca v. District Court*, 187 Colo. 280, 530 P.2d 958 (1975)

*Valdez v. People*, 174 Colo. 2 68, 483 P2d 1333 (1971)

*Jaramillo v. Dist Ct*, 174 Colo. 561, 484 P2d 1219 (1971)

*People v. Small*, 177 Colo. 118, 493 P2d 15 (1972)

*Lucero v. People*, 173 Colo. 94, 476 P2d 257 (1970)

*People v. Chavez*, 779 P2d 375 (Colo. 1989)

*People v. Abeyta, Montoya & Santistevan*, 195 Colo. 338, 578 P2d 645 (05/08/1/78)

*United States v. 1013 Crates of Empty Old Smuggler Whiskey Bottles* (1931, CA2 NY) 52 F2d 49

*Sergeant v. People*, 177 Colo 354, 497 P2d 983 (1972)

*Stewart v. Donges*, 915 F2d 572, 582-83 (10 Cir 1990)

*People v. Winden*, 689 P2d 578, 582 (Colo 1984)

*United States v. Martin*

*Cruse v. State*, 584 P2d 1141 Alaska (1978)

*People v. Kurland*, 28 CAL 3d 376, 618 P2d 213, 168 CAL RPTR 667 (1980), cert denied, 451 US 987, 101 S Ct 2321, 68 L Ed 2d 844 (1981)

*People v. Walker*, 180 Colo 84, 504 P2d 1098 (1972)

*People v. Drake*, 841 P2d 364 (Colo App 1992)

*People v. Elliston*, 181 Colo 118, 508 P2d 379 (1973)

*Riegel v. Hygrade Seed Co.*, 47 F. Supp. 290, 293 (D.N.Y. 1942)

*United States v. Jenkins*, 537 F3d 1, 3 (1st Cir 2008)

*United States v. Goodwin*, 457 US 368, 372, 102 S Ct 2485, 73 L Ed 2d 74 (1982)

*Bordenkircher v. Hayes*, 434 US 357, 363, 98 S Ct 663, 54 L Ed 2d 604 (1978)

*United States v. Goodwin*, 576 F Supp. 2d 235, 237 (D.P.R. 2008)

*United States v. Tobin*, 598 F Supp. 2d 125, 02/18/2009)

*New York Times Co v. Sullivan*, 376 US 254, 273, 11 L Ed 2d 686, 84 S Ct 710 (1964)

*United Mine Workers v. Illinois State Bar Ass'n, 389 US 217*, 222, 19 L Ed 2d 426, 88 S Ct 353 (1967)

*Connick v. Myers, 461 US 138, 75 L Ed 2d 708, 103 S Ct 1684 (1983)*

*Roth v. United States, 354 US 476, 484, 1 L Ed 2d 1498, 77 S Ct 1304, 14 OHIO Ops 2d 331 (1957)*

*Hustler Magazine & Larry C. Flynt v. Jerry Falwell, 485 US 46, 99 L Ed 2d 41, 108 S Ct 876 [no 86-1278] 02/24/88*

*Baumgartner v. United States*, 522 U.S. 655, 673-674, 88 L Ed 1525, 64 S Ct 1240 (1944)

*Monitor Patriot Co v. Roy* (1971)

*People v. Marinez*, 185 Colo. 187 (1974)

*Tumey v. Ohio*, 273 US 510, 47 S Ct 437, 71 L Ed 749 (1927)

*Whitaker v. McClean*, 73 APP DC 259, 118 F2d 596  (1941)

*Cf. Berger v. United States*, 255 US 22, 65 L Ed 481, 41 S Ct 230 (1921)

Offutt v. United States, 348 US 11, 99 L Ed 11, 75 S Ct 11 (1954)

*In Re Bueno*, 248 B.R. 581, 582-83 (D Colo. 2000)

*Todd v. Bear Valley Village Apartments*, 980 P2d 973, 977 (Colo. 1999)

*People v. Radinsky*, 176 Colo. 357, 490 P2d 951 (1971)

*People v. Moore*, 200 Colo. 481, 615 P.2d 726 (1980)

*Falgout v. People*, 170 Colo. 32, 459 P2d 572, (1969)

*People v. Spencer*, 182 Colo. 189, 512 P2d (1973)

*People v. Buggs*, 186 Colo. 13, 525 P2d 421 (1974)

*Gefland v. People*, 196 Colo. 487, 586 P2d 1331 (1978)

*PV v. District Court, 609 P. 2d 110, 199 Colo. 357 (1978)*

*People v. Hayward*, 55 P3d 803 (Colo. App 2002)

*Dikeman v. Charnes*, 739 P2d 870 (Colo. App 1987)

*Brinegar v. United States*, 338 US 160, (93 L Ed 1879, P2d 983 (1949)

**Other Authorities**

C.R.S. 18-1-405(1)

Crim.P. 48(b)(1)

English Bill of Rights of 1689

Glorious Revolution of 1688

*A Documentary History of the Bill of Rights* 69, 73 (1971)

Stamp Act Congress' Declaration of Rights and Grievances of 1765

Declarations and Resolves of the First Continental Congress of 1774. *See* 1 Schwartz at 198, 217

**11 |** P a g e  C.R.S. 24-10-109

C.R.S. §24-10-109

*Colorado Criminal Practice and Procedure* 2.10, at 114 (1996)

Fed. R. Crim. P. 7(c)

18-1-405, C.R.S (1986 & 1996 Supp.)

C.R.S. 18-1-405

C.R.S. 24-60-501 ART III(a)

18-1-105(6)(a)

FrCP Title 18 Crimes and Criminal Procedures, Part II, Chap 208 *§* 3161(1)(F),(G)

C.M.C.R. 248(b)

CRPC Rule 3.8(a)

Fifth Amendment

CRCP 16 Committee cmt.

CRCivilP Chap. 20 251.4

Fourth Amendment

Crim. P. 203(a)

Crim. P. 204(b)(4)

Fourteenth Amendment

Crim. P. 7(b)(1)

Section 16-5-202(1)C.R.S. (2013)

Crim. P. 7(b)(2)

Fed. R. Crim. P. 7(c)

C.M.C.R. 248(b)

Speedy Trial Act

Constitution of the State of Colorado, Article II

*42 USC § 1983 – Civil action for deprivation of rights*

---

## CONSISE STATEMENT

My name is William Robert "Billy bob" Bramscher and I am a victim of a bad-faith investigation, vindictive prosecution, malicious prosecution, judicial misconduct, First Amendment Retaliation by a non-employer and other civil rights violations including conspiracy committed by agents under color-of-state and the jurisdiction of the City and County of Denver, Federal rule, law and statute.

Bramscher has (1) suffered injury in fact deprived of fundamental fairness, (2) this deprivation constitutes a deprivation of life, liberty, property, and (3) Restitution is required.

### *Statement of Facts*

The false allegations in this case are/were that on December 23, 2013, Defendant William Robert "Billy bob" Bramscher was terminated by his employer and that after leaving the building, Bramscher repeatedly called River Rock Dispensary harassing the employees by using foul language and threatening them.  The General Sessions Summons and Complaint was issued and signed by Denver Police Detective D. Diaz Deleon #P04405 who is currently on paid leave as reported by The Denver Channel.

On February 11, 2014, Judge Johnny C. Barajas DISMISSED 14GS000200 ruling, "Okay, well it does say it has to be a brief description, so that suggests to me that there has to be more than just the boxes being checked off.  So I am going to go ahead and dismiss it without prejudice" (pg. 14, 5-9) TRANSCRIPT

On February 12, 2014, Denver City Attorney's Vincent A. DiCroce, No. 23157 and Megan A. Jones, No. 40197 filed a "NOTICE OF APPEAL AND DESIGNATION OF RECORD ON APPEAL" with the District Court 2014CV030627.

On April 25, 2014, Denver City Attorney's Vincent A. DiCroce, No. 23157 and Megan A. Jones, No. 40197 filed a "MOTION FOR RECONSIDERATION OF CASE DISMISSAL WITHOUT PREJUDICE" with the Municipal Court Judge Johnny C. Barajas 74 days or 2 months and 15 days after this case was dismissed according to rule/law.

On May 20, 2014, Municipal Court and Judge Johnny C. Barajas granted the prosecutions 04/25/15 motion reinstating this case 99 days or 3 months and 10 days after Barajas did dismiss this case according to rule/law.

On July 10, 2014, 161 days or 5 months and 11 days after the Arraignment and William Robert "Billy bob" Bramschers' "Not Guilty" plea on January 31, 2014 Municipal Court Judge Johnny C. Barajas restarts SPEEDY TRIAL.

On August 29, 2014 Jury Fee Waived.

On August 29, 2014 Judge B. Faragher rules "This court will not change JB's decision [to reinstate case].

On September 09, 2014 the APPEAL to the District Court 2014CV030627 orchestrated and authored by Denver City Attorney's Vincent A. DiCroce, No. 23157 and Megan A. Jones, No. 40197 is DISMISSED and ENDED.

On October 31, 2014 SUPREME COURT PETITION FILED

On February 9, 2015 this unconstitutional case is scheduled for a trial by jury.

### Statement of Case

*Information*

Citing *People v. Williams*, 961 P2d 533 (Colo. App. 1997), "A substantive defect in an information may be raised at any time during the proceedings." "Sufficiency of information is matter of jurisdiction." (*See People v. Garner*, 187 Colo. 294, 530 P.2d 946 (1975)).

An information is sufficient if it advises a defendant of the offense with which he is charged. (*See Edwards v. People, 176 Colo. 478, 491 P.2d 566 (1971)*; *People v. Ingersoll*, 181 Colo. 1, 506 P.2d 364 (1973); *People v. Flanders, 183 Colo. 268, 516 P.2d 418 (1973)*; *People v. Gnout*, 183 Colo. 366, 517 P.2d 394 (1973); *People v. Moore, 200 Colo. 481, 615 P.2d 726 (1980)*. And can be understood by the jury. An information is sufficient if the charge is in language from which the nature of the offense may be readily understood by the accused and jury. (*See Tracy v. People*, 65 Colo. 226, 176 P. 280 (1918); *Sarno v. People*, 74 Colo. 528, 223 P. 41 (1924); *Albert v. People, 90 Colo. 219, 7 P.2d 822 (1932)*; *Johnson v. People, 110 Colo. 283, 133 P.2d 789 (1943)*; *Wright v. People*, 116 Colo. 306, 181 F.2d 447 (1947); *Ciccarelli v. People*, 147 Colo. 413, 364 P.2d 368 (1961); *Loggins v. People*, 178 Colo. 439, 498 P.2d 1146 (1972); *Olguin v. People*,

179 Colo. 26, 497 P.2d 1254 (1972); *People v. Warner*, 112 Colo. 565, 151 P.2d 975 (1944); *People v. Palmer*, 87 P.3d 137 (Colo. App. 2003).

Speedy Trial

Both our rule and the statute require that a defendant be brought to trial within six months after the entry of a plea of not guilty.  (*See* C.R.S. 18-1-405(1); Crim.P. 48(b)(1). *See also Potter v. District Court,* 186 Colo. 1, 525 P.2d 429 *1295 (1974)). The burden, however, is upon the defendant to establish that he has been denied a speedy trial in violation of the statute or rule or that his constitutional right to a speedy trial requires dismissal. *See People v. O'Neill,* 185 Colo. 202, 523 P. 2d 123 (1974); *Casias v. People, 160 Colo. 152, 415 P.2d 344, cert. denied, 385 U.S. 979, 87 S.Ct. 523, 17 L.Ed.2d 441 (1966)*; *Jordan v. People*, 155 Colo. 224, 393 P.2d 745 (1964).  *People v. Saiz, 923 P2d 197 (11/24/95)*; *Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967)*.

### *Standard of Review*

Citing *Hustler Magazine & Larry C. Flynt v. Jerry Falwell, 485 US 46, 99 L Ed 2d 41, 108 S Ct 876 [no 86-1278] 02/24/88*, "The right to petition the Government is part of our heritage from earliest times and represents a cornerstone of our national liberty. It is a right long-recognized as implicit in '[t]he very idea of a government, republican in form'." *See United States v. Cruikshank, 2 Otto 542, 552, 92 U.S. 542, 552, 23 L.Ed. 588 (1875).*  As the Supreme Court noted in *McDonald v. Smith, 472 U.S. 479, 105 S. Ct. 2787, 86 L.Ed.2d 384 (1985)*, the historical roots of the petition clause long antedate the Constitution. 472 U.S. 479, 105 S. Ct. at 2788. The English Bill of Rights of 1689, enacted after the Glorious Revolution of 1688, guaranteed "the right of the subjects to petition the King." 1 Wm. & Mary, Sess. 2, ch. 2. The early colonists in Massachusetts included a petition clause in the Massachusetts Body of Liberties of 1641, "the first detailed American Charter of Liberties." *See* 1 B. Schwartz, *A Documentary History of the Bill of Rights* 69, 73 (1971). During the Revolutionary period, the right to petition was again raised as an essential ingredient of self-government in both the Stamp Act Congress' Declaration of Rights and Grievances of 1765 and the Declarations and Resolves of the First Continental Congress of 1774. *See* 1 Schwartz at 198, 217. Now guaranteed by the First Amendment, the right to petition "is cut from the same cloth as the other guarantees of that Amendment, and is an assurance of a particular freedom of expression." *McDonald,* ___ U.S. at ___, 105 S.Ct. at 2788; *see Thomas v. Collins, 323 U.S. 516, 530, 65 S.Ct. 315, 322-23, 89 L.Ed. 430 (1945)* (right to petition inseparable from other First Amendment rights). Accordingly, courts have protected this right when its existence has arisen in varied contexts, from prisons, *Cruz v. Beto, 405 U.S. 319, 321, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972)*, to state capitols, *Edwards v. South*

*Carolina, 372 U.S. 229, 235, 83 S.Ct. 680, 683, 9 L.Ed.2d 697 (1963).*  And they have protected this right in varied forms, from peaceful boycotts of private businesses, *NAACP v. Claiborne Hardware Co.,* 458 U.S. 886, 907-11, 102 S.Ct. 3409, 3422-25, 73 L.Ed.2d 1215 (1982), to appeals to one or all three branches of the Government, *California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508, 510, 92 S.Ct 609, 611-12, 30 L.Ed.2d 642 (1972).*

The purpose of the notice requirement C.R.S. §24-10-109 is to permit a public entity to conduct a prompt investigation of the claim, to remedy any dangerous condition, to make adequate fiscal arrangements to meet any potential liability, and to prepare a defense to the claim. *Barham v. Scalia*, 928 P.2d 1381 (Colo. App. 1996); *Mesa County Valley Sch. Dist. No. 51 v. Kelsey*, 8 P.3d 1200 (Colo. 2000); *Gallagher v. Univ. of N. Colo.*, 18 P.3d 837 (Colo. App. 2000), rev'd on other grounds, 54 P.3d 386 (Colo. 2002); *Awad v. Breeze*, 129 P.3d 1039 (Colo. App. 2005).  *See also Antonopoulos v. Town of Telluride*, 187 Colo. 392, 532 P.2d 346 (1975); *Jefferson County Health Svcs. Ass'n v. Feeney*, 974 P.2d 1001 (Colo. 1998).

Information

Colorado has followed the modern trend of testing the sufficiency of the information based upon the fundamental objectives the information serves rather than technical pleading requirements of the common law. *See* Robert J. Dieter, *Colorado Criminal Practice and Procedure* 2.10, at 114 (1996). This functional approach mirrors the efforts of the federal criminal code and follows the lead of the Supreme Court. (*See Hamling v. United States, 418 U.S. 87, 117 (1974)* noting that a charging document is sufficient if it, "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense"); *Fed. R. Crim. P. 7(c)* (liberalizing the technical common law pleading requirements).

We are aware that, in some cases, lack of specificity has been held to constitute a fatal defect in the charging document. But we view those cases as distinguishable because, in each case, the defect would have precluded the preparation of a meaningful defense. *See, e.g., People v. Tucker, 631 P.2d 162, 164 (Colo. 1981)* (indictment should have been dismissed as vague because it did not allege how the embezzlement was accomplished); *People v. Donachy, 196 Colo. 289, 292-93, 586 P.2d 14, 16-17 (1978)* (indictment was fatally defective because it failed to identify the money or property allegedly converted and failed to indicate how the money or property was used); *People v. Broncucia*, 189 Colo. 334, 336-37, 540 P.2d 1101, 1103 (1975) (perjury charge was fatally defective because it "failed to set forth with sufficient specificity the falsity of the defendant's statements so as to enable him to prepare his

defense"); *People v. Fueston I*, 717 P.2d at 982-82 (Colo. App. 1985) (information was fatally defective because it "failed to allege which of the many statements contained in the defendant's 1982 liquor license renewal application were false"); *People v. Westendorf*, 37Colo. App. 111, 112-03, 542 P.2d 1300, 1301 (1975) (indictment was fatally defective because it "contains no statements which are alleged to have been perjurious").

Speedy Trial

In addressing a motion to dismiss for failure to afford a speedy trial that complies with a statutory mandate, a court must conduct a factual analysis on a case-by-case basis. *See, e.g.*, *People v. Arledge*, 938 P.2d 160, 165 (Colo. 1997) (discussing section 18-1-405, C.R.S (1986 & 1996 Supp.) and finding that "[t]o whom the trial delay beyond the speedy trial date is properly chargeable is an 'ad hoc inquiry'." (*quoting People v. Scales,*763 P.2d 1045, 1048 (Colo. 1988)) (emphasis in original)). In addressing the trial court's role, we look to whether its actions with regard to the applicable speedy trial provision were reasonable under the facts of the case before it. *See e.g.*, *People  ex rel. Gallagher v. District Court*, 933 P.2d 583, 592 (Colo. 1997) (holding dismissal of charges necessary when trial court's unreasonable refusal to try to appoint defense counsel who could appear within the speedy trial period caused the delay); *Arledge*, 938 P.2d at 167 (finding that recused trial judge acted inappropriately when he obtained a speedy trial waiver instead of immediately dispatching the case for reassignment).

In order to determine whether the constitutional right to a speedy trial has been violated, it is necessary to make an *ad hoc* judgment based on the facts of each case. *Barker v. Wingo, 407 U.S. 514*, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1971); *Potter v. District Court, supra.*  Factors to be considered include length of delay, the reason for the delay, defendant's assertion of the right, and any prejudice to the defendant. *Barker v. Wingo, supra; Potter v. District Court, supra; People v. Spencer,* 182 Colo. 189, 512 P.2d 260 (1973).

## ARGUMENT

*Information*

Dismissal if defendant not fairly and reasonably informed of accusations. There must be a variance between the information and the proof to be offered constituting such an imperfection or inaccuracy that the defendant was not fairly and reasonably informed of the nature and cause of the accusations against him in order that a motion of dismissal be granted. *People v. Allen*, 167 Colo. 158, 446 P.2d 223 (1968).

An information that fails to charge an essential element of an offense is substantively defective. *See Cervantes*, 715 P.2d at 786; *People v. Bowen, 658 P.2d 269, 270 (Colo. 1983)*. This essential element requirement is satisfied if the language in the charge tracks the statutory language. *See People v. Hunter, 666 P.2d 570, 573 (Colo. 1983)*; *People v. Moreno*, 176 Colo. 488, 496, 491 P.2d 575, 580 (1971); *Gallegos v. People*, 166 Colo. 409, 413, 444 F.2d 267, 269 (1968). "It is generally sufficient that the indictment [or information] set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.'" *Hamling*, 418 U.S. at 117 (*quoting United States v. Carll, 105 U.S. 611, 612 (188[1])*).

*Speedy Trial*

Defendant, William Robert "Bramscher" Pro se asserts right to Speedy Trial.  A criminal defendant has no duty to bring himself to trial; but he does have a responsibility to assert his right to a speedy trial. *People v. Small, 631 P.2d 148 (Colo.) cert. denied, 454 U.S. 1101, 102 S.Ct. 678, 70 L.Ed.2d 644 (1981)*.  Right to a speedy trial has been formulated to force the prosecution to try a defendant promptly in compliance with the statutes, rules, and constitutional requirements of each case. People ex rel. *Coca v. District Court*, 187 Colo. 280, 530 P.2d 958 (1975).

Speedy Trial pursuant C.R.S. 18-1-405 and pursuant to C.R.S. 24-60-501 ART III(a).  The right to a speedy trial is a basic constitutional right guaranteed by both the Colorado and United States Constitutions in essentially the same language (*See Valdez v. People, 174 Colo. 2 68, 483 P2d 1333 (1971)*; *Jaramillo v. Dist Ct, 174 Colo. 561, 484 P2d 1219 (1971)*; *People v. Small*, 177 Colo. 118, 493 P2d 15 (1972); *Lucero v. People*, 173 Colo. 94, 476 P2d 257 (1970)).

The right to a speedy trial is not only for the benefit of the accused, but also for the protection of the public.  It is essential that an early determination of guilt be made, so that the innocent may be exonerated and the guilty punished (*Jaramillo, supra*).  It is duty of prosecutor and trial judge to secure and protect the defendant's right to speedy trial (*See People v. Chavez, 779 P2d 375 (Colo. 1989)*; *People v. Abeyta, Montoya & Santistevan*, 195 Colo. 338, 578 P2d 645 (05/08/1/78)).

18-1-105(6)(a) and Federal Court Rules Title 18 Crimes and Criminal Procedures, Part II, Chap 208 § 3161(1)(F),(G) establish time limits and exclusions.  Delays attributable to the court or the prosecutor that result in a trial date that falls past the applicable speedy trial deadline require the dismissal of charges against the defendant. C.M.C.R. 248(b).  Such delays may include, for example, delays resulting from a prosecutor's lack of

diligence, a court's congested docket, a court's refusal to set trial within the speedy trial period after granting prosecutor's motion for continuance, a court's refusal to timely select a new venue, a court's dilatory ruling, or a prosecutor's untimely actions. *See Arledge,* 938 P.2d at 165-66.

*Bad-faith investigation*

"The Pillar of Liberty Erected by Fourth Amendment Cannot Be Knocked Down in Aid of Law Enforcement" *citing United States v. 1013 Crates of Empty Old Smuggler Whiskey Bottles* (1931, CA2 NY) 52 F2d 49.  A complaint standing alone will not support an arrest warrant [summons] where NO facts are set forth to establish probable cause." (*See Sergeant v. People*, 177 Colo 354, 497 P2d 983 (1972).

Omissions of material fact (*see* Stewart v. Donges, 915 F2d 572, 582-83 (10ᵗʰ Cir 1990)) were knowingly, intentionally and recklessly made with disregard for the truth on the part of affiant-officer Denver Police Detective D. Diaz Deleon #P04405.  False statements in affidavits must be stricken from the affidavit under the Fourth Amendment USC (*see* People v. Winden, 689 P2d 578, 582 (Colo 1984)) and misleading statements and omissions or material facts must be examined to determine if these falsehoods resulted in an erroneous finding of probable cause (See United States v. Martin; Cruse v. State, 584 P2d 1141 Alaska (1978); People v. Kurland, 28 CAL 3d 376, 618 P2d 213, 168 CAL RPTR 667 (1980), cert denied, 451 US 987, 101 S Ct 2321, 68 L Ed 2d 844 (1981)).

*Vindictive prosecution & Malicious prosecution*

A prosecutor has the responsibility of a minister of justice and not simply that of an advocate.  (see e.g., *People v. Walker*, 180 Colo 84, 504 P2d 1098 (1972) in re "A prosecutors duty is to seek justice, not merely convict"; *People v. Drake*, 841 P2d 364 (Colo App 1992); see also, *People v. Elliston*, 181 Colo 118, 508 P2d 379 (1973) in re "A prosecutor must be careful in his conduct to ensure that the jury tries a case solely on the basis of the facts presented to it.").  Specifically in the CRPC Rule 3.8 the prosecutor in a criminal case shall (a) refrain from prosecuting a charge that the prosecutor knows is not supported by probable cause (http://www.cobar.org/index.cfm/ID/22193).

"Prosecutorial vindictiveness is defined as vengeful prosecution for the recovery of damages to person, property, of reputation, shown to have approximately resulted from a previous civil or criminal proceeding, which was commenced or continued without probable cause, but with vengeance, and which has terminated unsuccessfully (*See Riegel v. Hygrade Seed Co.*, 47 F. Supp. 290, 293 (D.N.Y. 1942))

A vindictive prosecution – one in which the prosecutor seeks to punish the defendant for exercising a protected statutory and constitutional right – violates a defendants Fifth Amendment right to Due Process. (*See United States v. Jenkins*, 537 F3d 1, 3 (1st Cir 2008)).  Indeed, courts have long abided the "uncontroversial principle" that "to punish a person because he has done what the law plainly allows him to do is a Due Process violation 'of the most basic sort'." (*See United States v. Goodwin*, 457 US 368, 372, 102 S Ct 2485, 73 L Ed 2d 74 (1982) *quoting Bordenkircher v. Hayes*, 434 US 357, 363, 98 S Ct 663, 54 L Ed 2d 604 (1978)).  Of course, "The very purpose of instituting criminal proceedings against an individual is to punish; therefore the mere presence of a punitive motivation behind prosecutorial action does not render such action constitutionally volatile." (*See United States v. Goodwin,* 576 F Supp. 2d 235, 237 (D.P.R. 2008)).  Thus, a defendant may be penalized for violating the law, but not punished for exercising his rights.  (*See Goodwin, supra*, 457 US at 372; *United States v. Tobin*, 598 F Supp. 2d 125, 02/18/2009)).

*Judicial misconduct*

The right to criticize public officials (*see* New York Times Co v. Sullivan, 376 US 254, 273, 11 L Ed 2d 686, 84 S Ct 710 (1964)) and to petition the government for a redress of grievances protected activities (*see* *United Mine Workers v. Illinois State Bar Ass'n, 389 US 217*, 222, 19 L Ed 2d 426, 88 S Ct 353 (1967)); *see* *Connick v. Myers, 461 L Ed 2d 708, 103 S Ct 1684 (1983)* ("public concern") whereas "The First Amendment was fashioned to assure unfettered interchange of ideas for the bringing about of political and social changes desired by the people," Id. at 145 (*see also* *Roth v. United States, 354 US 476, 484, 1 L Ed 2d 1498, 77 S Ct 1304, 14 OHIO Ops 2d 331 (1957)*).

Citing *New York Times v. Sullivan*, *supra*, "Injury to official reputation affords no more warrant for repressing speech that would otherwise be free than does factual error.  Where judicial officers are involved, [the US Supreme Court] has held that concern for the dignity and reputation of the courts does not justify the punishment {376 U.S. 273} as criminal contempt of criticism of the judge or his decision.

Citing *Hustler Magazine & Larry C. Flynt v. Jerry Falwell, 485 US 46, 99 L Ed 2d 41, 108 S Ct 876 [no 86-1278] 02/24/88*, "Justice Frankfurter put it succinctly in *Baumgartner v. United States*, 522 U.S. 655, 673-674, 88 L Ed 1525, 64 S Ct 1240 (1944), when he said that "[O]ne of the prerogatives of American Citizenship is the right to criticize public men and measures."  Such criticism, inevitably, will not always be reasoned or moderate; public figures as well as public officials will be subject to "Vehement, Casuistic, and sometimes unpleasantly sharp attacks."  "[T]he candidate who vaunts his spotless record and sterling integrity cannot convincingly cry 'foul' when an opponent or

an industrious reporter attempts {485 US 52} to demonstrate the contrary.  (*See also Monitor Patriot Co v. Roy* (1971)).

The role of the Judiciary, if its integrity is to be maintained, is one of impartiality.  (*See People v. Marinez*, 185 Colo. 187 (1974); Cannon 1, Colorado Code of Ethics (1973)).  The Judge who presides over civil and criminal cases should be fair, unbiased and completely impartial.  Any bias, hostility or prejudice or even interest in the outcome of a given civil or criminal case will disqualify a judge from presiding over that case.  (*See Tumey v. Ohio*, 273 US 510, 47 S Ct 437, 71 L Ed 749 (1927); *Whitaker v. McClean*, 73 APP DC 259, 118 F2d 596 (1941); *Cf. Berger v. United States*, 255 US 22, 65 L Ed 481, 41 S Ct 230 (1921); Offutt v. United States, 348 US 11, 99 L Ed 11, 75 S Ct 11 (1954).

Billy bob Bramscher petitions the Judges conduct case 14GS000200 displayed a deep-seated favoritism and antagonism that would make fair judgments impossible.  Billy bob Bramscher makes claim that the trial courts decisions were manifestly arbitrary, unreasonable, and unfair and the trial court failed to articulate a reason for some decisions and not such reason was readily apparent from the record or the Judges articulated reasons which had no basis in fact or the reason so articulated is contrary to law.  (*See In Re Bueno*, 248 B.R. 581, 582-83 (D Colo. 2000); *Todd v. Bear Valley Village Apartments*, 980 P2d 973, 977 (Colo. 1999) in re "trial court's broad discretion to act in a "managerial role"); CRCP 16 Committee cmt. in re "It is expected that trial judges will assertively lead the management of cases to ensure justice is served.")

Pursuant to Colorado Court Rules CRCivilP Chap. 20 251.4 "it is the duty of the judge to report misconduct or disability of counsel.  A most sacred duty is to maintain the integrity of the law profession by disciplining lawyers who indulge in practices which are designed to perpetrate a fraud of the courts."  (*See People v. Radinsky*, 176 Colo. 357, 490 P2d 951 (1971)).

## CONCLUSION

*Information*

It is an adjudicated fact that the charges fail to identify the particular statement(s) or assertion(s) alleged to be harassing or threatening also failing to identify any alleged victims. See *Fueston*, 717 P.2d 978 (*Fueston I*) (to charge the crime of offering a false instrument for recording, the information must identify the statements alleged to be false), *aff'd in part and rev'd in part on other grounds,* 749 P.2d 952 (Colo. 1988) (*Fueston II*); *cf. Westendorf*, 37 Colo. App. 111, 112-03, 542 P.2d 1300, 1301 (1975) (perjury indictment must identify the statements alleged to be false).  If complaint fails

to charge crime, court acquires no jurisdiction. *See People v. Moore*, 200 Colo. 481, 615 P.2d 726 (1980).

The Summons and Complaint FATALLY fails to comply with Fourth Amendment, USC and this court has no jurisdiction of this case and/or defendant.

Crim. P. 203(a), Crim. P. 204(b)(4), Fifth Amendment, Fourteenth Amendment, Crim. P. 7(b)(1), Section 16-5-202(1), C.R.S. (2013) Crim. P. 7(b)(2)and Fed. R. Crim. P 7(c).

*Speedy Trial*

Delays attributable to the court or the prosecutor that result in a trial date that falls past the applicable speedy trial deadline require the dismissal of charges against the defendant. C.M.C.R. 248(b). Such delays may include, for example, delays resulting from a prosecutor's lack of diligence, a court's congested docket, a court's refusal to set trial within the speedy trial period after granting prosecutor's motion for continuance, a court's refusal to timely select a new venue, a court's dilatory ruling, or a prosecutor's untimely actions. *See Arledge*, 938 P.2d at 165-66.

The accused, William Robert "Billy bob" Bramscher has been denied the constitutional right to SPEEDY TRIAL (*See Falgout v. People*, 170 Colo. 32, 459 P2d 572, (1969); *People v. Spencer*, 182 Colo. 189, 512 P2d (1973); *People v. Buggs*, 186 Colo. 13, 525 P2d 421 (1974); *Gefland v. People*, 196 Colo. 487, 586 P2d 1331 (1978)) and "If the constitution, the statutes, the rules or case law require dismissal, it is the duty of the trial court to order that the case be dismissed" (*Coca, supra*)  and "No person shall be deprived of life, liberty or property, without due process of law" from the Constitution of the State of Colorado, Article II, Bill of Rights; *see also PV v. District Court, 609 P. 2d 110, 199 Colo. 357 (1978)*).

*Monetary Damages Requested*

"Every person is generally presumed to know the law" (*Carey*, supra; *People v. Hayward*, 55 P3d 803 (Colo. App 2002); *Dikeman v. Charnes*, 739 P2d 870 (Colo. App 1987).  "Probable cause for arrest [summons] is a reasonable ground of suspicion, supported by circumstances sufficiently set forth to establish probable cause" (*Brinegar v. United States*, 338 US 160, (93 L Ed 1879, P2d 983 (1949)).

*42 USC § 1983 – Civil action for deprivation of rights*

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected,

22 | P a g e  C.R.S. 24-10-109

any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*"When you truly love yourself you are able to love our world..."*

~Billy bob Bramscher~

*~début~*

FACEBOOK:  Blue Dakini

"I am the blue lightning which shatters locks and chains..."

~BbB~

**What TIME is IT?**  *Time to love and be loved; tune IN drop IN!!!*

"3, 9, 13, 22, 33, 42"

我會教你真相與通往真理的道路。
他已經看到了真相，已經達到真理，已經知道真相，已經滲透到了真理，已經越過無疑是不動搖。